# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01329-COA

GEROME MOORE A/K/A GEROME                                    APPELLANT
MONTREAL MOORE

v.

STATE OF MISSISSIPPI                                         APPELLEE

DATE OF JUDGMENT:             06/21/2016
TRIAL JUDGE:                  HON. JEFF WEILL SR.
COURT FROM WHICH APPEALED:    HINDS COUNTY CIRCUIT COURT,
                              FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:       OFFICE OF STATE PUBLIC DEFENDER
                              BY: HUNTER NOLAN AIKENS
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: JOSEPH SCOTT HEMLEBEN
DISTRICT ATTORNEY:            ROBERT SHULER SMITH
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  AFFIRMED - 04/10/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., BARNES AND WILSON, JJ.

### BARNES, J., FOR THE COURT:

¶1.    Gerome Moore was confined at the Hinds County Detention Center in Jackson, Mississippi, following his arrest for capital murder and carjacking. On May 3, 2015, Officer Willie Brown of the Jackson Police Department was driving from the jail when he spotted "three juveniles"—later identified as Moore and fellow inmates, Antwain Dukes and William Smith—running from the detention center. Brown radioed for assistance and began following the men in his vehicle. Officer Frederick Reginald was in the area and heard the call. He spotted one male, who had already been detained, and was informed the group had

split up. Soon thereafter, Officer Reginald and another officer pulled over near the city barn and encountered a second inmate, Moore, lying in a nearby grassy area. Moore was apprehended and returned to custody.

¶2. In the meantime, Captain Charles Felton of the Jackson Fire Department went to the detention center, responding to a report of a fire. He determined the fire was a result of arson inside Smith's cell. Clothes and exposed wires had been used to start a fire, and petroleum jelly was applied around the cell window, which aided the fire from the burning clothes to melt the adhesive around the window. A lighter was also discovered on the ground level of the building in close proximity to where the inmates were seen.

¶3. Moore was indicted on October 28, 2015, for one count of felony escape and one count of malicious mischief. A jury trial was held in Hinds County Circuit Court, First Judicial District, on May 17, 2016. To keep the jury from hearing that Moore was in custody for capital murder and carjacking, the parties stipulated to the fact that Moore "was lawfully in the custody of the Hinds County Detention Center, being held on a felony charge." This stipulation was read to the jury after opening statements. Although acquitted of the charge for malicious mischief, Moore was convicted of felony escape and sentenced to a term of five years in the custody of the Mississippi Department of Corrections.

¶4. No post-trial motion for a judgment notwithstanding the verdict (JNOV) or for a new trial was filed. But on August 28, 2016, Moore's trial counsel filed a motion for leave to file an out-of-time appeal, which the circuit court granted, and Moore filed his notice of appeal on September 14, 2016.

## DISCUSSION

¶5.    Moore is represented on appeal by the Indigent Appeals Division of the Office of the State Public Defender, and appellate counsel has filed a *Lindsey* brief stating he cannot find any arguable issues to support an appeal.  In *Lindsey v. State*, 939 So. 2d 743 (Miss. 2006), the Mississippi Supreme Court outlined the following procedure for when appellate counsel determines there are no appealable issues in the record:

> (1)  Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)]; *see also* [*Smith v.*] *Robbins*, 528 U.S. [259, 280-81 (2000)] (stating that "counsel's summary of the case's procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case").

> (2)  As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining:  (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

> (3)  Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

> (4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

> (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey*, 939 So. 2d at 748 (¶18) (internal citations and footnotes omitted).

¶6.     Moore's appellate counsel complied with the requirements in *Lindsey* and sent a copy of the *Lindsey* brief to Moore, advising him that counsel found no arguable issues in the record.  Specifically, appellate counsel considered the effectiveness of trial counsel "in failing to file a motion for a JNOV/new trial and in stipulating that Moore was lawfully confined in jail on a felony charge" and determined "that he could not in good faith present the issue of ineffective assistance of counsel" on appeal.  Appellate counsel also informed Moore of his right to file a pro se supplemental brief.  This Court granted Moore an additional forty days to file his brief, which he has failed to do.

¶7.     Upon review, the record contains sufficient evidence to support the jury's finding that Moore was guilty of the charged offense of felony escape.  We further find no arguable appellate issues exist that would require supplemental briefing.  Accordingly, we affirm Moore's conviction and sentence.

¶8.     **AFFIRMED.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

4